UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DONALD MARTIN EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No. SA-07-CV-439-XR |
| | ) |
| CATHERINE MOORE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On this date, the Court considered the United States Magistrate Judge's Report and Recommendation, filed June 1, 2007, in the above-numbered and styled cause (Docket No. 5). After careful consideration, the Court will ACCEPT the Magistrate Judge's recommendation. Accordingly, Plaintiff's case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The Clerk is instructed to close this case.

Any party who desires to object to a Magistrate Judge's report and recommendation must serve and file his or her written objections within ten days after being served with a copy of the report and recommendation. 28 U.S.C. § 635(b)(1). The Certified Mail Return Receipt ("Green Card") indicates that Plaintiff was served with a copy of the report and recommendation on June 4, 2007. *See* Docket No. 8. Because Plaintiff did not object to the Magistrate Judge's Report and Recommendation by the deadline, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Plaintiff initiated this suit on May 18, 2007, when he tendered his motion to proceed in forma

-1-

pauperis and proposed complaint against Defendant Catherine Moore, his former girlfriend. Plaintiff alleges that Moore, with whom he cohabitated prior to his incarceration, has confiscated and refuses to return his personal property that he left at her home after his arrest. Plaintiff alleges that he met Defendant at a sports bar in December 2004, and he moved into her home in March 2005. Some time after moving in with Defendant, Plaintiff was arrested in Defendant's home. Plaintiff alleges that after his arrest, Defendant refused to allow Plaintiff to return to her home and retrieve his personal property. In June 2005, Plaintiff's mother, Ms. Newman, attempted to retrieve her son's property from Defendant's home, but Defendant told Newman that she would not return Plaintiff's personal property. Defendant allegedly contacted Plaintiff's aunt in July 2005 and reaffirmed that she would not return the property. Plaintiff attached to his proposed complaint a hand-written, ten page list of personal items that he claims Defendant is wrongfully withholding from him. Plaintiff also indicates in his proposed complaint that Defendant is employed as an accountant with a private employer, and her residence is located in San Antonio, Texas.

Plaintiff is currently an inmate in the custody of the Texas Department of Criminal Justice – Institutional Division. Plaintiff's incarceration "is for the offense of theft" and is "unrelated to the instant cause." Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, claiming that Defendant's deprivation of his property is a violation of the United States and Texas Constitutions. Plaintiff claims that Defendant deprived him of his property without due process of law.

As required by 28 U.S.C. § 1915, the Magistrate Judge has screened Plaintiff's complaint to determine if it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. The Magistrate Judge concluded that this case should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules

of Civil Procedure. Federal question jurisdiction includes a claim under section 1983. To state a claim under section 1983, Plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Merely private conduct, no matter how wrongful, is excluded from section 1983's reach. *Cornish v. Correctional Services Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). To act under color of state law, a private actor's conduct must be fairly attributable to the State. *Id.* According to the Magistrate Judge, Plaintiff has not alleged any facts that would make Moore's actions attributable to the State of Texas. Defendant Moore is not a state actor. The deprivation of Plaintiff's property was not committed by a person acting under color of state law. Although Plaintiff might have alleged a valid state law claim for conversion against Defendant, that claim must be pursued in state court. Even assuming that Defendant is a state actor, which she is not, deprivation of property by a state employee does not constitute a violation of procedural due process if a meaningful post-deprivation remedy for the loss is available. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). In Texas, the tort of conversion fulfills this requirement. *Id.*

To the extent that Plaintiff has alleged a violation of the laws or constitution of the state of Texas, this Court lacks subject matter jurisdiction because diversity of citizenship does not exist. Both Plaintiff and Defendant are citizens of Texas, and the amount in controversy does not exceed $75,000.

The Court has reviewed the report and recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). Accordingly, the Court will ACCEPT the Magistrate Judge's

recommendation. Plaintiff's case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The Clerk is instructed to close this case.

It is so ORDERED.

SIGNED this 2nd day of July, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE